IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GIBF GP, INC.<br><br>Plaintiff,<br><br>v.<br><br>ARSHAD ASSOFI,<br><br>Defendant. | ) | |
| ARSHAD ASSOFI and ASSOFI, INC.,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>GIBF GP, INC. d/b/a BITCOIN LATINUM, DONALD BASILE, GIBF GP (Cayman Islands), LTD and CHRISTOPHER BASILE,<br><br>Counterclaim-Defendants. | ) | C.A. No. 25-1446 (MN) |

**MEMORANDUM ORDER**

At Wilmington, this 23rd day of September 2026;

WHEREAS, the present case concerns an arbitration award ("the Award") made by Daniel B. Garrie, Esquire ("the Arbitrator") on November 12, 2025 (D.I. 10-1, Ex. 1) resulting from binding arbitration ("the Arbitration") conducted pursuant to an order from the Central District of California (D.I. 10-1, Ex. 3);

WHEREAS, Plaintiff GIBF GP, Inc. – one of the losing parties in the Arbitration – filed a "Complaint for Vacatur of Arbitration Award" before this Court on November 26, 2025 (D.I. 1) and is seeking to vacate the Award; [1]

WHEREAS, Monsoon Blockchain Corporation ("MBC"), Ametrine Consulting, Inc. ("ACI"), and Zultanite Consulting, Inc. ("ZCI") were permitted by this Court to file Intervenor Complaints and have subsequently supported the vacatur efforts of GIBF GP, Inc. (D.I. 57);[2]

WHEREAS, there are six motions presently before the Court: (1) a Motion to Intervene as Party Plaintiff filed by Monsoon Blockchain Storage Inc. ("MBS") (D.I. 16), (2) a Motion to Intervene as Party Plaintiff filed by JDLB Investments, Inc. ("JDLB") (D.I. 17), (3) Defendant/Counter Claimants' Consolidated Motion to Dismiss (D.I. 29) the Intervenor Complaint of ACI and ZCI (D.I. 14) and the Intervenor Complaint of MBC (D.I. 15), (4) Defendant/Counter Claimants' Motion to Confirm Arbitration Award and Enter Judgement (D.I. 44), (5) a Motion to Strike the Motion to Confirm (D.I. 46), and (6) an unopposed Motion to Expedite the Motion to Strike (D.I. 47);

WHEREAS, under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, the scope of this Court's review of the Award is narrow. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587-90 (2008);

---

[1] Plaintiff's effort to vacate an arbitration award via complaint and promise of a future motion is outside of the norm. Given (1) the pending motion to confirm, (2) the complaint's request for an "order vacating an arbitration award", (3) the summary nature of this proceeding, and (4) the interest of judicial economy, however, the Court will not decide the issues based on this irregularity. *See Sheet Metal Workers Int'l Ass'n Loc. Union No. 25 v. Jansons Assocs., Inc.*, No. 24-2819, 2025 WL 2142669, at *1 (3d Cir. July 29, 2025) (allowing judgment on a complaint requesting an order to confirm an arbitration award).

[2] The motions to intervene (D.I. 5, D.I. 6) were granted as unopposed (D.I. 12). The Court understands that Assofi did not receive timely service of the motions (D.I. 30 at 6 n.2) and will not treat its prior ruling as relevant to the pending motions to intervene.

WHEREAS, MBS and JDLB were not parties to the Arbitration. (D.I. 10, Ex. 1 at 1) (listing parties to the Arbitration and the Award as GIBF, Inc, Arshad Assofi, Assofi, Inc., Donald Basile, GIBF, Inc. d/b/a Bitcoin Latinum, GIBF GP (Cayman Islands), Ltd, and Chirstopher Basile) and therefore lack standing to intervene in the present case to seek vacatur of the award. *See* 9 U.S.C §§ 10(a), 11 (allowing vacatur of arbitration awards by district courts "upon the application of any **party to the arbitration**") (emphasis added); *CPR Mgmt., S.A. v. Devon Park Bioventures, L.P.*, 19 F.4th 236, 244 n.9 (3d Cir. 2021) (citing *Katir v. Columbia Univ.*, 15 F.3d 23, 24-25 (2d Cir. 1994)) (denying intervention because would-be intervenor "was not a party to the arbitration itself and lacks statutory standing to challenge the award");

WHEREAS, Intervenor Plaintiffs ACI, ZCI, and MBC were also not parties to the Arbitration and therefore lack standing to seek vacatur of the Award. *See* D.I. 10, Ex. 1 at 1; 9 U.S.C §§ 10(a), 11; *CPR Mgmt.*, 19 F.4th at 244 n.9;

WHEREAS, the lack of standing means that Intervenor Plaintiffs ACI, ZCI, and MBC must be dismissed.[3] *See Baldwin v. Univ. of Pittsburgh Med. Ctr.*, 636 F.3d 69, 73 (3d Cir. 2011) ("A dismissal for lack of statutory standing is effectively the same as a dismissal for failure to state a claim.");

WHEREAS, this Court's role in reviewing arbitration awards when parties have agreed to submit their claims to arbitration is highly deferential and comes with a strong presumption that the award is enforceable. *Sutter v. Oxford Health Plans LLC*, 675 F.3d 215, 219 (3d Cir. 2012), *aff'd*, 569 U.S. 564 (2013);

---

3 Notwithstanding their dismissal from this case – and as stated in a stipulated order from the Central District of California – ACI, ZCI, MBC, MBS, and JDLB retain all defenses and rights to contest liability under the Award should Assofi choose to enforce the Award against them. (D.I. 10-1, Ex. 3 ¶¶ 5, 8; D.I. 38 at 5-7).

WHEREAS, this Court must confirm the Award if the limited grounds for vacatur set forth by the FAA are not met. *Teamsters Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 252 (3d Cir. 2020) (citing *Hall St.*, 552 U.S. at 587);

WHEREAS, Section 10 along with Section 11 – the latter of which is not raised by the parties or otherwise implicated here – comprise the exclusive grounds for vacatur and modification of an arbitration award under the FAA. *Hall St.*, 552 U.S. at 584;

WHEREAS, Section 10 sets forth four grounds for vacatur:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced;
> or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a));

WHEREAS, Plaintiff appears to allege the Arbitrator erred under Sections 10(a)(2), 10(a)(3), and 10(a)(4) of the FAA and "manifestly disregarded the law." (*See* D.I. 1 ¶¶ 16-25) (claiming repeatedly that the Arbitrator "exceeded his powers, acted with evident partiality, manifestly disregarded the law, and conducted fundamentally unfair arbitration proceedings");

WHEREAS, to vacate based on "evident partiality" as described in Section 10(a)(2), "the challenging party must show a reasonable person **would have to conclude** that the arbitrator was partial to the other party to the arbitration." *Kaplan v. First Options of Chicago*, Inc., 19 F.3d 1503, 1523 n.30 (3d Cir. 1994) (emphasis added) (cleaned up) (quoting *Apperson v. Fleet Carrier Corp.*, 879 F.2d 1344, 1358 (6th Cir. 1989)), *aff'd*, 514 U.S. 938 (1995);

WHEREAS, this Court may only vacate under Section 10(a)(3) if the unfairness alleged by the party seeking to vacate represents "conduct that 'so affects the rights of a party that it may be said that he was deprived of a fair hearing.'" *CPR Mgmt.*, 19 F.4th at 245 (quoting *Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co.*, 397 F.2d 594, 599 (3d Cir. 1968));

WHEREAS, in the context of arbitrations "[a] 'fair hearing' is one where the parties have notice and an opportunity to present evidence and arguments before an impartial arbitrator." *Id.*;

WHEREAS, vacatur based on a claim arising under Section 10(a)(4) that the arbitrator exceeded his powers only succeeds if the Award cannot be "rationally derived from the parties' submissions to the arbitrator." *Mut. Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co.*, 868 F.2d 52, 56 (3d Cir. 1989) (cleaned up); *see also Edward Mellon Tr. v. UBS Painewebber, Inc.*, No. 2:06-CV-0184, 2006 WL 3227826, at *5 (W.D. Pa. Nov. 6, 2006) (Hardiman, J.) ("Put another way, an award is not irrational as long as there is any evidence to support it.");

WHEREAS, vacatur due to manifest disregard of the law requires that "the arbitrators' decision 'must fly in the face of clearly established legal precedent.'"[4] *Whitehead v. Pullman Grp., LLC*, 811 F.3d 116, 121 (3d Cir. 2016) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 421 (6th Cir. 1995));

WHEREAS, "[t]he net result of a court's application of this standard is generally to affirm easily the arbitration award under this extremely deferential standard." *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2003);

---

[4] The Court also notes that the "manifest disregard" doctrine may be a dead letter in the Third Circuit. *See Sabre GLBL, Inc v. Shan*, 779 F. App'x 843, 849 (3d Cir. 2019) ("It is an open question in this Circuit whether an arbitrator's manifest disregard of the law remains a valid basis for vacatur.").

WHEREAS, this Court may not review the factual or legal merits of the Award. *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001); *Major League Umpires Ass'n v. Am. League of Pro. Baseball Clubs*, 357 F.3d 272, 279 (3d Cir. 2004);

WHEREAS, upon review of the Award the Court finds that a reasonable person would not have to conclude that the Arbitrator was partial to one party;

WHEREAS, the Court finds that the Arbitrator provided a fair hearing for which all parties had notice and an opportunity to provide evidence and arguments (*See* D.I. 10-1, Ex. 1 at 3-6);

WHEREAS, Court finds that the Arbitrator's findings are based on evidence submitted and that the Award can be rationally derived from the materials submitted to the Arbitrator;

WHEREAS, the Court finds that the Arbitrator's decision does not manifestly disregard clearly established legal precedent;

WHEREAS, the Court additionally finds that no party raised any claims arising from FAA Section 10(a)(1), nor did the Court find any evidence that the Award "was procured by corruption, fraud, or undue means." 9 U.S.C. § 10(a)(1);

WHEREAS, because none of the grounds enumerated in the FAA for vacating an arbitration are present, the presumption of enforceability remains intact; and[5]

WHEREAS, because the Award cannot be vacated under Section 10 of the FAA, the Court must confirm the Award, which means that vacatur efforts and efforts to oppose confirmation are now moot. *See PG Publ'g, Inc. v. Newspaper Guild of Pittsburgh*, 19 F.4th 308, 313 (3d Cir. 2021) (quoting *Hall St.*, 552 U.S. at 582) ("[C]onfirmation and vacatur of an arbitration award are

5 Confirmation is a summary proceeding. *Teamsters Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 248 (3d Cir. 2020) ("The FAA not only authorizes, but mandates, that district courts confirm arbitration awards by converting them into enforceable judgments through a summary proceeding.").

simply opposite sides of the same FAA coin: 'A court must confirm an arbitration award unless it is vacated, modified, or corrected.'").

THEREFORE, IT IS HEREBY ORDERED that:

1. The Motion to Intervene as Party Plaintiff filed by Monsoon Blockchain Storage, Inc. (D.I. 16) is DENIED for lack of standing;

2. The Motion to Intervene as Party Plaintiff filed by JDLB Investments, Inc. (D.I. 17) is DENIED for lack of standing;

3. The Motion to Dismiss the Intervenor Complaints for Failure to State a Claim (D.I. 29) is GRANTED, and the Intervenor Complaint of Ametrine Consulting, Inc. and Zultanite Consulting, Inc. (D.I. 14) and the Intervenor Complaint of Monsoon Blockchain Corporation (D.I. 15) are DISMISSED for lack of standing;

4. The Motion to Confirm Arbitration Award and Enter Judgment (D.I. 44) is GRANTED;

5. The Motion to Strike the Motion to Confirm (D.I. 46) is DENIED as moot; and

6. The Motion to Expedite the Motion to Strike (D.I. 47) is DENIED as moot.

IT IS FURTHER ORDERED that Defendant/Counter-Claimants Arshad Assofi and Assofi, Inc. shall have seven (7) days from the date of this order to file a proposed judgment consistent with the rulings set forth above and in accordance with Fed. R. Civ. P. 54(a).

Maryellen Noreika
The Honorable Maryellen Noreika
United States District Judge